## Classen v. Jones et ux.

*Principal and agent—Real estate broker—Payment to agent on forged order.*

Where a real estate broker negotiates the sale of land of which he is not in possession and receives from the owner, who is beyond seas, a deed properly executed, with a direction to the agent to take a check for the proceeds of the sale in the owner's name, and the agent forges a letter in the name of the owner, authorizing the purchaser to give a check to the order of the agent, the purchaser cannot rely upon the forged letter, and if he gives a check to the agent to the latter's order, he acts at his peril.

Statutory demurrer. C. P. No. 5, Phila. Co., March T., 1922, No. 390.

*Alfred T. Steinmetz*, for plaintiff; *Theodore F. Jenkins*, for defendants.

MARTIN, P. J., April 20, 1923.—A statement of claim was filed, averring that plaintiff placed in the hands of an agent for the purposes of sale a piece of real estate with the dwelling thereon. Having received from the defendants a satisfactory offer, he entered into an agreement of sale of the property as agent for plaintiff, and received from defendants a deposit on account of the purchase price.

The statement further avers that the agent was at no time authorized to receive the consideration money for the property at the time of settlement thereof, which took place in the absence of plaintiff, who was beyond seas, but that plaintiff wrote to the agent authorizing him to make settlement for the property by receiving from the purchasers a check drawn to the order of the plaintiff, and transmitted to the agent an executed deed for delivery to defendants when settlement was made by them. At the settlement, the agent, without authority so to do, presented to defendants a forged letter which was not written or signed by plaintiff, although purporting to be signed by him and his wife. By the terms of this letter, authority was given the agent to receive a check for the proceeds of the settlement drawn to his order. Upon production of the letter at the settlement, defendants, without any authority or sanction from plaintiff, caused to be drawn to the order of the agent a check for the balance of the consideration money due to the plaintiff, and delivered it to the agent, who endorsed the check, collected the amount thereof, and appropriated the proceeds to his own use, and never accounted to plaintiff.

The statement avers that the agent had no right or authority to receive, or defendants to pay him, the money except as authorized by plaintiff, and that neither he nor his wife ever ratified the act of the agent in receiving the money.

It is also averred that, at the time of settlement, the deed executed by plaintiff and his wife was delivered to defendants and duly recorded; that defendants entered into possession of the property and in all respects, except as to the payment of the balance of the consideration money, the settlement was completed between the parties. By reason of the premises, plaintiff claims that defendants are obligated to pay him $1594.98, the amount due in the settlement, with interest.

Defendants filed an affidavit of defence in the nature of a demurrer raising questions of law, alleging by the statement of claim it appears that the contract for the sale of the property was made between the agent and defendant; that the deed was executed by plaintiff and his wife and handed to plaintiff's agent to deliver to defendants and receive the purchase money; that it appears by the statement of claim that the receipt for the consideration money mentioned in the deed was signed by plaintiff and his wife; and that the

agent for plaintiff delivered the deed to defendants and received the full consideration money. A copy of the deed is not attached either to the statement of claim or to the affidavit of defence, and the record does not disclose the character of the receipt accompanying the deed; but if in the customary form, it was only *prima facie* evidence of the receipt by plaintiff of the purchase money, and as it was executed before payment and delivery of the deed, it might reasonably be construed as notice to defendants that plaintiff expected the money to be paid to him. It is apparent that defendants relied upon the forged letter of authorization produced by the agent when requesting that the payment be made to him. Plaintiff being beyond seas added plausibility to the agent's scheme to get possession of the money. The averment in the statement of claim that the letter he produced at the settlement, purporting to confer authority upon him, was a forgery, and that it was neither written, authorized or ratified by plaintiff, is not denied, and must for the purposes of this motion be accepted as true. It is further averred that the agent's authority with reference to the consideration money was specifically limited to receiving a check to the order of plaintiff. He was a special agent, and it was the duty of defendants to acquaint themselves with the limitations of the authority conferred upon him. They cannot rely upon the forged letter.

Cases were cited at the argument of the motion of persons entrusted with the custody of personal property and securities with properly executed assignments, who, upon effecting sale, were entitled to receive the purchase price; but these authorities are not applicable to a real estate broker who negotiates a sale of land of which he is not in possession, settlement for which is to be made at a subsequent date, unless he has been authorized to receive the money.

In the present case the agent was not authorized to receive a check to his order, and, in making the payment, defendants acted at their peril.

And now, to wit, April 20, 1923, the question of law raised by the affidavit of defence is not sustained, and defendants are given leave within ten days to file an affidavit of defence traversing the facts averred in the statement of claim.